UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM NELSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 24-709-JWD-SDJ** |
| **ROBERT DUPREE, ET AL.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 22, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM NELSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-709-JWD-SDJ** |
| **ROBERT DUPREE, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are several motions to dismiss Plaintiff's claims against Defendants, including those by: Louis Hubbard, Mike Edwards, Michael Taffaro, Sharon Weston Broome, and Chauna Banks (R. Doc. 26); the U.S. Department of Transportation and Pete Buttigieg (R. Doc. 40); Robert Dupre (R. Doc. 42); Regina Barrow and Joe Donahue (R. Doc. 72); and Micah Fremin and Volkert, Inc. (R. Doc. 85). Plaintiff has opposed each of these motions, with briefing completed on July 16, 2025.[1] Having thoroughly reviewed the entire record, the undersigned **RECOMMENDS** that this action be **DISMISSED** for want of jurisdiction.

**I.    Background**

    **A.    Facts**

Plaintiff William Nelson was a business tenant in a building located at 8180 Plank Road in Baton Rouge, Louisiana.[2,3] That building was owned by Robert Dupre,[4] and he sold the building

---

[1] *See* R. Doc. 99.
[2] R. Doc. 85-2 at 1.
[3] Plaintiff contends that the landlord, Robert Dupre, withheld their lease contract (R. Doc. 2 at 4), while the Airport asserts here, and in the eviction proceeding below, that there was no written contract between Plaintiff and Dupre (R. Doc. 85-2 at 1; R. Doc. 85-3 at 1).
[4] Erroneously spelled "Dupree" in Plaintiff's Complaint.

to the Baton Rouge Metropolitan Airport on December 11, 2023.[5] Plaintiff received a notice to vacate the building in January 2024 and an eviction notice at the premises in May 2024.[6] On June 18, 2024, a Judgment of Eviction was entered in the 19th Judicial District Court, ordering Plaintiff to vacate the premises within 24 hours.[7] Plaintiff filed the present Complaint in this Court on August 16, 2024.[8]

### B.     Complaint

Plaintiff's primary claim involves former building owner Robert Dupre and Micah Fremin, a representative of the Airport tasked with assisting tenants in their relocation. Plaintiff asserts that Dupre sold the property in violation of their contract, without offering tenants the right of refusal.[9] Plaintiff asserts that Fremin lied to Plaintiff about his rights as tenant, withheld relocation funds and services, and illegally evicted Plaintiff.[10] Plaintiff asserts that this was race-based discrimination.[11] Plaintiff further alleges that Dupre and Fremin caused building appraisers to undervalue Plaintiff's property by failing to include in the appraisal Plaintiff's substantial improvements to the property.[12] Plaintiff alleges that these acts violated 49 C.F.R. § 24.105 "Acquisition of tenant-owned improvements", § 24.205 "Relocation planning, advisory services, and coordination", and § 24.304 "Reestablishment expenses—nonresidential moves".[13]

Secondary to these claims, Plaintiff asserts that remaining Defendants—airport officials and local, state, and federal government officials—were informed of the claims above and failed

---

[5] R. Doc. 85-2 at 1.
[6] R. Doc. 85-3 at 1-2.
[7] R. Doc. 32-2.
[8] R. Doc. 1.
[9] R. Doc. 2 at 4.
[10] R. Doc. 2 at 4.
[11] R. Doc. 2, *passim*.
[12] R. Doc. 2 at 4.
[13] R. Doc. 2 at 4.

to take action to remedy the problem, forced Plaintiff out of the property without legal authority, and failed to justly compensate him.[14] Finally, Plaintiff alleges RICO[15] violations, claiming that Defendants conspired against Plaintiff and intentionally covered up the accumulated wrongdoings.[16]

### C. Motions to Dismiss

Defendants' various motions to dismiss assert several grounds for dismissal, including failure to properly serve, res judicata, failure to state a claim, and lack of federal jurisdiction, among others. The Court will focus on lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because lack of jurisdiction would mean it is not within this Court's purview to make any other determinations. Indeed, when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions to dismiss, a court should consider the jurisdictional issue before addressing any others.[17] This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.[18]

Defendants argue that this Court lacks jurisdiction for several reasons, including: (1) res judicata/*Rooker-Feldman* doctrine—that the issues have been resolved in the state eviction proceeding and this Court should not disrupt that ruling; (2) sovereign immunity; and (3) the acquisition and relocation regulations cited by Plaintiff do not provide a private right of action.[19]

---

[14] R. Doc. 2, *passim*.
[15] Racketeer Influenced and Corrupt Organizations Act.
[16] R. Doc. 2, *passim*.
[17] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam).
[18] *Id.*
[19] R. Doc. 26-1 at 4-6; R. Doc. 40-1 at 6-12; R. Doc. 42-1 at 5-7; R. Doc. 72-1 at 8-15; R. Doc. 85-2 at 5-6.

I.      **Legal Standard**

    A.      **Jurisdiction**

Unlike state district courts, which are courts of general jurisdiction that can hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. There are two primary ways to establish federal subject matter jurisdiction. First, this Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treatises of the United States" (federal question jurisdiction).[20] This Court also has subject matter jurisdiction over civil cases where the amount in controversy is more than $75,000.00 and the parties are of completely diverse citizenship (*i.e.*, all plaintiffs are citizens of a different state than all defendants) (diversity jurisdiction).[21] A federal court should presume that a case lies outside its subject matter jurisdiction, and the burden to prove federal subject matter jurisdiction is on the party asserting it (here, Plaintiff).[22] If a court does not have subject matter jurisdiction over a case, it must be dismissed.[23]

    B.      **Standard for Pro Se Litigant**

The Court acknowledges that Plaintiff is proceeding in this litigation *pro se*. *Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers."[24] Further, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as

---

[20] 28 U.S.C. § 1331.
[21] 28 U.S.C. § 1332.
[22] *Mourning v. U.S. Dept. of State-Visa Office*, 32 Fed.Appx. 130, at *1 (5th Cir. 2002), citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993 (2001).
[23] *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021), citing *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017).
[24] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively").

true.[25] Nevertheless, "a *pro se* litigant is not 'exempt ... from compliance with relevant rules of procedural and substantive law.'"[26] As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted."[27]

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts."[28] A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs."[29] And "[a] *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer."[30] Finally, "[w]hile much liberality is allowed in construing *pro se* complaints, a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim."[31]

## IV.   Discussion

Plaintiff's Complaint cites both federal law and an amount in controversy exceeding $75,000 in the statement of jurisdiction, seeming to invoke both federal question and diversity jurisdiction;[32] however, as Plaintiff, Defendant Dupre, and Airport officials appear to be Louisiana citizens, Plaintiff has not shown that diversity jurisdiction applies. And so, jurisdiction must arise under a federal question per 28 U.S.C. § 1331. Federal question jurisdiction exists

---

[25] *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).
[26] *NCO Fin. Systems, Inc. v. Harper–Horsley*, No. 07–4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).
[27] *Johnson,* 999 F.2d at 100 (citation omitted).
[28] *Kiper v. Ascension Parish Sch. Bd*., No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, No. 99-0295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)).
[29] *Id.*
[30] *NCO Fin. Systems*, 2008 WL 2277843, at *3 (quoting *Birl*, 660 F.2d at 593).
[31] *Richardson v. United Wholesale Mortgage, LLC*, No. 24-276, 2024 WL 5264095, at *5  n. 24 (M.D. La. Dec. 31, 2024) (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017)).
[32] R. Doc. 2 at 1.

when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[33] Here, Plaintiff asserts federal claims under a set of regulations titled "Uniform Relocation Assistance and Real Property Acquisition for Federal and Federally Assisted Programs" (hereafter, "URA").[34] He also asserts violations of the federal Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §§ 1962-64.

Though he repeatedly cites RICO, Plaintiff does not assert any facts to support a true RICO violation; rather, he simply uses "Rico" as a synonym for collusion or conspiracy, claiming that each Defendant "chose to collaborate" with others and "conspired to cover up the crimes" alleged against Dupre and Fremin.[35] The mere mention, however, of a federal law does not establish federal jurisdiction.[36] Because Plaintiff only makes glancing references to RICO, these vague claims of conspiracy cannot support federal jurisdiction.

Plaintiff makes more substantive claims under the URA; indeed, Plaintiff's claims against all Defendants stem from an initial alleged violation of the URA by Dupre and Fremin. However, "[n]ot every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."[37] "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."[38] "Rather, in legislation enacted pursuant to the spending power, the typical remedy for state noncompliance with federally

---

[33] *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983).
[34] Plaintiff cites several subparts of the federal regulation, 49 C.F.R. § 24 et seq, which is authorized by the parallel statute, 42 U.S.C. 4601 et seq.
[35] *See, e.g.*, R. Doc. 2 at 5 ¶ 2 and 6 ¶ 8.
[36] *See Brumfield v. City of Baker*, 2011 WL 5178267, at *2 n.1 (M.D. La. Sept. 30, 2011) (collecting cases).
[37] *Gully v. First Nat. Bank*, 299 U.S. 109, 115 (1936).
[38] *Delancey v. City of Austin*, 570 F.3d 590, 592 (5th Cir. 2009) (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979)).

imposed conditions is not a private cause of action for noncompliance but rather action by the Federal Government to terminate funds to the State."[39] The Fifth Circuit, whose rulings this Court must follow, has definitively held that "the URA does not create a private right of action for money damages" and "does not contain rights-creating language".[40] That is, even if Plaintiff's allegations are true, there is no remedy for him under the URA.

Because there is no private right of action under the URA, and because the Complaint does not state any other claims arising under federal law, Plaintiff has not carried the burden to show that this Court has jurisdiction to hear this case. To the extent that state law claims remain, this Court must leave those determinations to the state court.

## V.  Conclusion

For the reasons discussed above, the undersigned finds that the Complaint does not establish federal jurisdiction, and **IT IS RECOMMENDED** that the Complaint and all claims asserted in this matter be **DISMISSED without prejudice** for lack of subject matter jurisdiction, with prescription suspended for thirty days so that Plaintiff may re-file in state court should he choose to do so.

Signed in Baton Rouge, Louisiana, on August 22, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[39] *Id.* at 592–93 (quoting *Gonzaga University v. Doe*, 536 U.S. 273, 280, 122 S.Ct. 2268 (2002)).
[40] *Id.* at 594.