UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIAM NELSON, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                    **NO. 24-709-JWD-SDJ**

**ROBERT DUPREE, ET AL.**

---

## ORDER

In light of Plaintiff's Motion for Change of Venue (R. Doc. 109), which also suggests that recusal of some or all Middle District judges may be necessary, and in light of Plaintiff's previous filings suggesting the same (e.g., R. Docs. 34, 105), the Court now finds it appropriate to address the issue of recusal.

**I.    Legal Standard**

A motion to recuse is committed to the broad discretion of the targeted judge to determine whether disqualification is appropriate.[1] A judge is presumed to be qualified to preside over a case,[2] so a movant seeking disqualification bears the burden of proving that a judge is not qualified by clear and convincing evidence.[3]

Two statutes govern recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455.[4] Section 144 states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge

---

[1] *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999); *see also United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996), citing *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993).

[2] *In re Wilborn*, 401 B.R. 848, 860 (Bankr. S.D. Tex. 2009) (citing *In re Betts*, 143 B.R. 1016, 1022 (Bankr. N.D. Ill. 1992)).

[3] *See Kinnear–Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 634 (5th Cir. 1971), superseded by statute, 28 U.S.C. § 455 (1974), as stated in *Aronson v. Brown*, 14 F.3d 1578, 1582-83 (Fed. Cir. 1994) (noting that § 455 was amended in 1974 to, among other things, "omit[ ] the phrase 'in his opinion', in order to eliminate the subjective standard.").

[4] *K & F Holdings, Ltd. v. Rouse's Enterprises, L.L.C.*, No. 16-293, 2017 WL 2778345, at *1 (M.D. La. June 27, 2017).

>shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

This Court has followed other courts in finding that a pro se litigant may not obtain disqualification of a judge under § 144 because a pro se litigant cannot meet the plain language of the statute requiring "a certificate of counsel of record stating that it [the affidavit in support of recusal] is made in good faith."[5] Even if Plaintiff, who is representing himself, could proceed under § 144, he has not met the procedural requirements of that provision.[6]

>Section 455 reads, in pertinent part, as follows:

>(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....

In determining whether recusal is appropriate under this statute, the Fifth Circuit has stated that the recusal standard is an objective one. A § 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[7] A party seeking recusal must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the judge's impartiality.[8] This showing must be based on specific facts so as to avoid giving a party a "random veto over the

---

[5] *See, e.g., Williams v. Magnolia Cafe*, No. 18-1020, 2019 WL 7343507, at *2 (M.D. La. Dec. 31, 2019) (citing *Gibson v. Gusman*, No. 14-2273, 2014 WL 6469507, at *2 (E.D. La. Nov. 17, 2014)).
[6] A § 144 claim must contain a legally sufficient affidavit that "must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003) (citing *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990)).
[7] *U.S. v. Spears*, No. 09-19, 2012 WL 112985, at *2 (M.D. La. Jan. 12, 2012).
[8] *Patterson*, 335 F.3d at 484; *Spears*, 2012 WL 112985 at * 2.

assignment of judges."[9] Furthermore, "the alleged attitude and preconception on the part of the judge must arise from a source beyond the four corners of the courtroom, and not from his participation in the case."[10] "Judicial rulings alone almost never constitute valid basis for a bias or partiality motion."[11] The Fifth Circuit has further noted that a judge's ruling "should constitute grounds for appeal, not for recusal."[12]

## II.  Plaintiff's Arguments

On February 5, 2025, Plaintiff filed a "Judicial Notice" and "Amendment to Motion to Recuse" Judge Shelly Dick and all judges of the Louisiana Middle District.[13] There was no original motion filed in this action. This notice/motion requested that all judges in this District be recused from this case "because some have participated and are participating in case numbers above", citing cases 24-701, 24-934, and the present case.[14] Plaintiff asserts that he has "arranged to file a federal suite within other federal jurisdictions… suing the Federal Middle District" on the basis that "state and federal court district and federal racist and corrupt judges chose their angle of rulings and recommendations to cover/camouflage their civil violations and criminal crimes from the media and public".[15] No such suit has been made known to this Court to date.

Plaintiff further alleges that this District's judges have issued "illegal" rulings and recommendations to destroy Plaintiff's rights to discovery, due process, and a fair trial.[16] Plaintiff asserts that, through their rulings, this District's white judges are covering racist actions by white

---

[9] *Capizzo v. State*, No. 99-138, 1999 WL 539439, at * 1 (E.D. La. July 22, 1999).
[10] *Danielson v. Winnifield Funeral Home of Jefferson, Inc.*, 634 F. Supp. 1110, 1115 (E.D. La. 1986).
[11] *United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).
[12] *Id.*
[13] R. Doc. 34.
[14] R. Doc. 34 at 2.
[15] R. Doc. 34 at 2.
[16] R. Doc. 34 at 2.

government defendants in this case.[17] Finally, Plaintiff asserts that the Judge Scott Johnson is "aiding and abetting the crimes of the lower state court" by ruling that Plaintiff's removal case (24-701) was not properly removed from state court.[18] Plaintiff also suggests that the Court's decisions in managing its docket are "illegal scheming… to force an illegal lack of jurisdiction recommendation".[19] Plaintiff makes similar accusations against Chief Judge Shelly Dick,[20] and asks that Judges John deGravelles and Erin Wilder-Doomes be recused because they should be witnesses at the hearing on these recusals.[21]

On September 2, 2025, Plaintiff filed another "Judicial Notice" making several requests, including for recusal of all Middle District Judges, with the exception of Judge Brian Jackson.[22] This notice states that these judges "have been asked to be questioned for their sited [sic] bias and prejudice rulings and recommendations and their aiding and abetting corruption racism and fraud within plaintiff's case".[23] To the Court's knowledge, no such request has been made.[24] Plaintiff further asserts that the Court is intentionally aiding defendants by "withholding" Plaintiff's various motions and requests.[25]

Plaintiff references the above notices in his Motion for Change of Venue (R. Doc. 109), which seeks transfer to another district for the reasons previously articulated as the basis for recusal.

**III.    Discussion**

---

[17] R. Doc. 34 at 5.
[18] R. Doc. 34-1 at 1.
[19] R. Doc. 34-1 at 3.
[20] R. Doc. 34-1 at 3-5.
[21] R. Doc. 34-1 at 1.
[22] R. Doc. 107.
[23] R. Doc. 107 at 2.
[24] To the extent that Plaintiff has suggested in earlier pleadings in this case that such questioning should happen, such a suggestion does not constitute the filing of a new lawsuit, subpoena, or any other legal process implicating these judges as witnesses to Plaintiff's proceedings.
[25] R. Doc. 107 at 4.

Plaintiff's asserted reasons for recusal of the judges of this District can be summarized into two categories: (1) disagreement with the judges' decisions—characterized primarily as racist collusion with defendants; and (2) disagreement with the Court's docket management, that is the time, order, and form in which the Court issues its rulings. Plaintiff has not alleged specific facts beyond the Court's actions in this case to demonstrate any bias. Instead, Plaintiff makes generalized accusations of racism, bias, and collusion, but "it has been consistently held that conclusions, conjecture, or vague charges of partiality or prejudice are not sufficient [to] form the basis of disqualification."[26] Furthermore, Plaintiff's accusations of bias are based only on the Court's actions in this case—in other words, Plaintiff's allegations only concern matters within "the four corners of the courtroom".[27] Accordingly, these allegations do not warrant recusal.[28] As stated above, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion;" they "should constitute grounds for appeal, not for recusal."[29]

For the reasons discussed above, Plaintiff's requests for recusal of the undersigned and other judges of the Middle District are **DENIED**.[30]

Signed in Baton Rouge, Louisiana, on September 11, 2025.

　　　　　　　　　　　　　　　　　　　　　
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[26] *Brown v. Schedler*, No. 17-9627, 2018 WL 1123568, at *3 (E.D. La. Feb. 28, 2018) (citing cases).
[27] *Danielson*, 634 F. Supp. at 1115.
[28] *King v. Toce*, No. 18-50, 2019 WL 2181914, at *1 (M.D. La. May 20, 2019) (citing cases).
[29] *Landerman*, 109 F.3d at 1066.
[30] N.b., there is no specific motion associated with this ruling, but rather the various requests for recusal exist in non-motion filings and are embedded within other motions that are **not** addressed by this Order.