**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**WILLIAM NELSON, ET AL.**

**CIVIL ACTION**

**VERSUS**

**NO. 24-709-JWD-SDJ**

**ROBERT DUPREE, ET AL.**

## <u>ORDER</u>

Before the Court is a motion for reconsideration, (*see* Doc. 120), filed by *pro se* Plaintiff William Nelson ("Plaintiff"). No opposition has been filed. After careful review, the Court will deny Plaintiff's motion.

The *Report and Recommendation* (Doc. 103) adequately summarizes this case. (*See also* Doc. 117 (adopting the *Report and Recommendation*).) In short, Plaintiff filed suit in this Court on August 26, 2024, alleging violations of the Uniform Relocation Assistance and Real Property Acquisition Policies Act ("URA"), 42 U.S.C. § 4601 *et seq.*, as well as the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962–1964. (*See* Doc. 2 at 1, 4, 8 (citing, *inter alia*, 49 C.F.R. §§ 24.105, 24.205) (referencing RICO).) Defendants filed various motions to dismiss, including under Federal Rule of Civil Procedure 12(b)(1). (*See* Doc. 103 at 2, 4 (citing Docs. 26, 40, 42, 72, 85).) On August 22, 2025, the Magistrate Judge recommended dismissal for lack of subject matter jurisdiction. (*Id.* at 8.) On September 15, 2025, this Court adopted the *Report and Recommendation* over Plaintiff's objections, ordering dismissal without prejudice, "with prescription suspended for thirty days" so that Plaintiff could re-file his case in state court, if desired. (Doc. 117.) On October 10, 2025, Plaintiff filed the instant motion, ostensibly seeking reconsideration of the Court's order. (Doc. 120 at 1.)

Plaintiff does not specify a basis for reconsideration. But because the motion was filed within twenty-eight days of entry of the judgment, and because it calls into question the correct-

ness of the judgment, the Court will consider it under Federal Rule of Civil Procedure 59(e). *See, e.g.*, *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 & n.2 (5th Cir. 2012) (per curiam) (citing Fed. R. Civ. P. 59(e)); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).

The factors which inform a district court's resolution of a Rule 59(e) motion for reconsideration include: (1) whether the judgment is based on a manifest error of fact or law, (2) whether there is newly discovered or previously unavailable evidence, (3) whether the initial decision was manifestly unjust, (4) whether counsel engaged in serious misconduct, and (5) whether there has been a material intervening change in law. *Omega Hosp., LLC v. United Healthcare Servs., Inc.*, 389 F. Supp. 3d 412, 417–18 (M.D. La. 2019) (deGravelles, J.) (citing *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475–76 (M.D. La. 2002)); *see also Demahy*, 702 F.3d at 182 (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)) (enumerating similar factors).

A motion for reconsideration "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Emps. Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)); *accord Allen v. Envirogreen Landscape Profs., Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (per curiam). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Nor does it support the reconfiguration of arguments made previously. *Omega Hosp.*, 389 F. Supp. 3d at 418 (citing *Resolution Tr. Corp. v. Holmes*, 846 F. Supp. 1310, 1316 & n.18 (S.D. Tex. 1994)).

Plaintiff's motion does not clearly state the factor(s) under which Plaintiff seeks reconsideration, although the Court understands Plaintiff to be arguing that the judgment was based upon manifest errors of law. (*See, e.g.*, Doc. 120 at 3 (citing 28 U.S.C. § 1331); *id.* at 4–5

2

(discussing *Smith v. Kan. City Title & Tr. Co.*, 255 U.S. 180 (1921); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); *Gunn v. Minton*, 568 U.S. 251 (2013)).)

The Court will not belabor the point: Plaintiff's motion merely rehashes evidence and legal theories. (*See, e.g.*, *id.* at 1–4, 6–8 (mentioning the URA, specifically 49 C.F.R. § 24.105).)[1] The *Report and Recommendation* adopted by the Court remains sound and fully addresses Plaintiff's reconfigured arguments. (*See* Doc. 103 at 7–8 (citing, *inter alia*, *Brumfield v. City of Baker*, No. 11-507, 2011 WL 5178267, at *2 n.1 (M.D. La. Sept. 30, 2011), *report and recommendation adopted*, 2011 WL 5238720 (M.D. La. Oct. 31, 2011); *Delancey v. City of Austin*, 570 F.3d 590, 592 (5th Cir. 2009)).) Plaintiff has not shown that he is entitled to the "extraordinary remedy" of reconsideration. *See Templet*, 367 F.3d at 479.

Accordingly,

**IT IS ORDERED** that the *Motion for Reconsideration* (Doc. 120) filed by Plaintiff William Nelson is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>May 26, 2026</u>.

 

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] The Court notes that the bulk of the instant motion concerns recusal of virtually all judges in this District. (*See* Doc. 120 at 9–26.) The Court has already addressed the subject of recusal, (*see* Doc. 116), in response to various filings by Plaintiff, (*see* Docs. 34, 105, 109). Here, it is appropriate and adequate to incorporate that discussion by reference.